UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:13-cr-00017-RLY-WGH-08 |
| | ) | |
| MATTHEW ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION IN LIMINE**

Defendant, Matthew Elder, is charged with conspiracy to distribute methamphetamine. The trial against Defendant is set for March 30, 2015. In preparation for the trial, Defendant moves to exclude evidence of his prior criminal convictions under Federal Rule of Evidence 609. For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

I. Background

Defendant seeks to exclude the following three convictions from being used in the Government's case-in-chief and for purposes of impeachment. Defendant was first convicted in 1997 for Possession of Drug Paraphernalia. He was convicted a second time in 1999 for Possession of a Dangerous Drug. Finally, Defendant was convicted in 2007 for maintaining a common nuisance, charged as a felony. The Government has represented that it does not intend to use the convictions in its case in chief, and will use them for the purposes of impeachment, should the Defendant choose to testify.

1

## II. Standard

Federal Rule of Evidence 609 governs impeachment evidence by criminal convictions. In pertinent part, it states that "for a crime that . . . was punishable by death or imprisonment for more than one year" the criminal conviction must be admitted "if the probative value of the evidence outweighs its prejudicial effect" to the defendant. Fed. R. Evid. 609(a)(1). If, however, "more than ten years have passed since the witness's conviction or release from confinement for it," then the evidence is "admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

## III. Discussion

Defendant argues that such evidence is inadmissible because ten years have elapsed since the conviction or the release of his confinement and/or the probative value of the evidence is outweighed by the prejudicial effect. The Government argues that the ten-year period does not apply to the 1999 conviction, and that the probative value of the 1997 conviction substantially outweighs its prejudicial effect. The court will examine each in turn.

### A. 1999 Conviction

In 1999, Matthew Elder was convicted of a felony for Possession of Equipment or Chemicals for the Manufacture of Dangerous Drugs. Defendant violated his probation and was imprisoned for this conviction in 2008 and released in March 2011. Thus, the Government argues, this places the conviction within the ten year period.

The Seventh Circuit has found that the ten-year "clock starts at the witness's release from any physical confinement." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008). Although the Seventh Circuit has not yet ruled on whether the revocation of probation stops the clock, the Fourth and Ninth Circuits have found that it does. *See United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988); *see also United States v. McClintock*, 748 F.2d 1278, 1288 (9th Cir. 1984). Notably, the Ninth Circuit requires that the charge generating the probation violation must be similar to the charge in the original conviction. *See McClintock*, 748 F.2d at 1288. Nevertheless, the majority of federal courts do not impose that limitation. *See Gray*, 852 F.2d at 139. The court will follow the majority.

Next, the Government must show that the probative value of the evidence is outweighed by the prejudicial effect. According to the Government, if Defendant testifies that he had nothing to do with the alleged conspiracy, he will contradict the Government's witnesses. Thus, the credibility of Defendant will be key to who the jury believes. This circumstance is similar to that in the case of *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004). In that case, the defendant's testimony completely contradicted the testimony of the Government's witnesses. *Id.* The district court allowed evidence of his conviction because the defendant's credibility was "a critical factor in the case." *Id.* On appeal, the Seventh Circuit held that this was not an abuse of discretion. *Id.*

The court agrees that should Defendant testify and contradict the Government's witnesses, his credibility will be a key issue. Therefore, the 1999 conviction is

3

admissible for purposes of impeachment. The court **DENIES** Defendant's motion to exclude this conviction.

### B. 1997 Conviction

In 1997, Matthew Elder was convicted of a felony for Possession/Use of Drug Paraphernalia and sentenced to two years. This conviction resulted from a multi-defendant methamphetamine conspiracy in which Matthew Elder's father and present co-defendant, William Elder, was also charged and convicted. The Government concedes that this conviction for Possession/Use of Drug Paraphernalia does not fall within the ten year limit. Thus, the Government must show that the probative value of the conviction substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b). According to the Seventh Circuit, "impeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (citing *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir.2003)).

The Government argues that the conviction substantially outweighs the prejudicial effect because it is necessary to impeach the credibility of Defendant, which may be a critical issue in the case should Defendant testify. However, the Seventh Circuit has found that the probative value of convictions over ten years is minimal where the witness can be impeached with convictions within ten year period. *See United States v. Heath*, 447 F.3d 535, 539 (7th Cir. 2006). Because the court has found Defendant's 1999 conviction admissible for purposes of impeachment, the court finds that the

4

Government's argument fails to meet the strict standard set forth by the Seventh Circuit. As such, the court **GRANTS** Defendant's motion to exclude this conviction.

### C. 2007 Conviction

In 2007, Matthew Elder was convicted of a felony for Maintaining a Common Nuisance. This conviction clearly falls within the ten year mark. As the court stated above, the credibility of Defendant, should he testify, will be key and thus, the probative value of this evidence outweighs the prejudicial effect. Therefore, the court finds that the 2007 conviction is admissible. The court **DENIES** Defendant's motion to exclude this conviction.

## IV. Conclusion

In conclusion, the court finds that the Government may introduce evidence of the 1999 and 2007 convictions for purposes of impeaching Defendant, Matthew Elder. The Government may not introduce evidence of the 1997 conviction. As such, the court **GRANTS in part** and **DENIES in part** the Defendant's motion in limine (Filing No. 355).

**SO ORDERED** this 26th day of March 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.