UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:13-cr-00017-RLY-WGH-08 |
| ) | |
| MATTHEW ELDER, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS INFORMATION**

Defendant, Matthew Elder, was charged with conspiracy to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. On March 19, 2015, the Government filed an Information pursuant to 21 U.S.C. § 851(A)(1) alleging that Matthew Elder has two prior felony convictions relating to controlled substances and is subject to a mandatory sentence of life imprisonment. A jury convicted Matthew Elder on April 1, 2015, of the above charge. Defendant moves to dismiss the information alleging that his prior convictions are not "felony drug offenses" and that the mandatory sentence is prohibited by the Eighth Amendment to the United States Constitution. The Government responded in opposition. For the reasons set forth below, the court **DENIES** Defendant's motion.

**I.     Discussion**

In the information, the Government lists two felony convictions for Defendant: (1) felony possession of equipment or chemicals for the manufacture of dangerous drugs in October 1999, and (2) possession/use of drug paraphernalia in September 1997. The court will consider whether each qualifies as a felony drug offense. Then, if necessary, the court will turn to the discussion on the Eighth Amendment.

**A.     Prior Felony Drug Offenses**

The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The phrase "relating to" is not defined in the statute; however, it has been defined broadly by the courts construing the phrase. The Sixth Circuit and Eighth Circuit have adopted the meaning set forth by the Supreme Court, in a different context, and applied it to this context. The definition given is "to stand in some relation; to have a bearing or concern; to pertain; refer; to bring into association with or connection with." *United States v. Grayson*, 731 F.3d 605, 607 (6th Cir. 2013) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)); *see also United States v. Brown*, 598 F.3d 1013, 1015 (8th Cir. 2010) (quoting *Morales*, 504 U.S. at 383).

**1.     Felony Possession of Equipment or Chemicals for the Manufacture of Dangerous Drugs**

Defendant was convicted in Maricopa County Superior Court, Arizona on October 18, 1999, of Possession of Equipment or Chemicals for the Manufacture of Dangerous Drugs. To be convicted of this crime, Arizona had to show that Elder "knowingly possess[ed] equipment or chemicals, or both, for the purpose of manufacturing a dangerous drug." Ariz. Rev. Stat. Ann. § 13-3407(A)(3). Dangerous drug is defined in the statute and includes stimulants, depressants, and methamphetamine. Ariz. Rev. Stat. Ann. § 13-3401(6). Defendant argues that this conduct is not "related to" narcotic drugs, etc., but to equipment, chemicals or paraphernalia. The Government responds that this reading is too narrow under the broad definition of "relate to."

The court agrees with the Government. Possessing the equipment or chemicals to manufacture controlled substances is conduct that clearly relates to drugs; the statute is not so narrow as to only include the possession of the drug in its final form. *See e.g. Grayson*, 731 F.3d at 607 ("nothing in the language of Section 802(44) states or implies that personal possession, distribution, or the personal use of drugs is required"). Certainly, the statute's broad reach also reaches to the manufacturing of dangerous drugs. As such, Defendant's conviction in 1999 qualifies as a felony drug offense.

### 2. Felony Possession of Drug Paraphernalia

On September 26, 1997, Defendant was convicted of Possession/Use of Drug Paraphernalia in Maricopa County Superior Court, Arizona. This statute states:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter.

3

Ariz. Rev. Stat. Ann. § 13-3415(A). Drug is defined as "any narcotic drug, dangerous drug, marijuana, or peyote." Ariz. Rev. Stat. Ann. § 13-3415(F)(1).

Defendant echoes his earlier argument that such behavior does not relate to drugs. The Government relies on two cases. With the first case, *Grayson,* the Government draws an analogy between *Grayson* and the present case. 731 F.3d at 607. In *Grayson*, the Sixth Circuit found that "Graysons's conviction for 'maintaining a drug house' demonstrates that he had knowledge of drug activity in a home that he controlled and maintained." *Id.* Thus, relying on the broad scope of "related", the Sixth Circuit found that maintaining a drug house is related to drugs. Second, the Government cites an unpublished decision from the Fourth Circuit where the Court held that a possession of drug paraphernalia with the intent to distribute was a felony drug offense. *See United States v. Wheeler*, 153 F.3d 725, at *2 (4th Cir. 1998).

The court finds such decisions to be persuasive. Defendant's conduct of possessing drug paraphernalia with the intent to either use the drug or sell the drug, clearly is conduct relating to dangerous drugs. Therefore, Defendant's conviction in 1997 qualifies as a felony drug offense. The court will now visit Defendant's Eighth Amendment argument.

### B.     Cruel and Unusual Punishment

Defendant argues that a life sentence is grossly disproportionate to his conviction and thus violates the Eighth Amendment's prohibition against cruel and unusual punishment. Defendant relies on the Attorney General's August 12, 2013 memorandum

4

outlining a policy for using recidivist enhancements.  That policy lists several factors prosecutors should consider prior to filing an information pursuant to 21 U.S.C. § 851.

The Government responds by citing several cases in which mandatory life sentences have been found to not violate the Eighth Amendment by the Supreme Court and the Seventh Circuit.  *See Harmelin v. Michigan*, 501 U.S. 957, 994-96 (1991) (a life sentence need not be attended by particularized consideration of the offender's character and record); *see also Ewing v. California*, 538 U.S. 11, 25 (2003) (upholding California's "three-strikes" law); *see also United States v. Ousley*, 698 F.3d 972, 976 (7th Cir. 2012) (Eighth Amendment did not preclude mandatory life sentence imposed pursuant to Section 841(b)(1)(A)).  The court is bound by the above precedent, and therefore, it must find that the imposition of a mandatory life sentence in this case does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

**II.   Conclusion**

In conclusion, the court holds that Defendant's convictions in 1997 and 1999 qualify as prior drug felonies.  Further, the court, bound by precedent, finds that a mandatory life sentence does not constitute cruel and unusual punishment as prohibited by the Eighth Amendment.  Therefore, Defendant's motion to dismiss the information (Filing No. 366) is **DENIED**.

**SO ORDERED** this 15th day of June 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.